# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

LA CARRIERS, LLC

VERSUS

TALISMAN CASUALTY INSURANCE
COMPANY, PETER WILLIS
FLEMING, JOE MARCANTEL, ET
AL

NO.  2026 CW 0479

**JULY 06, 2026**

---

In Re:    LA Carriers, LLC, applying for supervisory writs, 17th
Judicial District Court, Parish of Lafourche, No.
150834.

---

**BEFORE:    McCLENDON, C.J., STROMBERG AND EDWARDS, JJ.**

  **WRIT GRANTED.** The portion of the district court's March 6, 2026 judgment which granted the motion for partial summary judgment filed by defendants and dismissed plaintiff's claims for bad faith penalties and attorney's fees is reversed. Generally, state courts applying maritime law are bound to follow United States Supreme Court maritime jurisprudence. **Coutee v. Glob. Marine Drilling Co.**, 2005-0756, (La. 2/22/06), 924 So.2d 112, 117. In marine insurance cases, state law should be applied where there is no established federal maritime rule governing an issue. **Wilburn Boat Co. v. Firearm's Fund Ins. Co.**, 348 U.S. 310, 316, 75 S.Ct. 368, 371-72, 99 L.Ed. 337 (1955). There is no specific and controlling federal rule of law relating to bad faith claims against insurers in maritime insurance litigation. The jurisprudence has found that state law governs such bad faith claims. See **INA of Texas v. Richard**, 800 F.2d 1379, 1381 (5th Cir. 1986) (*per curiam*); **Barrios v. Centaur, L.L.C.**, 121 F.4th 515 (5th Cir. 2024) (*per curiam*); **Great N. & S. Navigation Co. LLC v. Certain Underwriters at Lloyd's**, 2022-0578 (La. App. 5th Cir. 12/13/23), 378 So.3d 199, writ denied, 2024-00075 (La. 04/03/24), 382 So.3d 111. Accordingly, the portion of defendants' motion for summary judgment seeking dismissal of plaintiff's bad faith claims pursuant to Louisiana insurance bad faith statutes, La. R.S. 22:1892 and the former La. R.S. 22:1973, is denied.

**PMc**
**TPS**
**BDE**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
 FOR THE COURT